**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KELLI LYN ELDRETH, MATTHEW** | : | **CIVIL ACTION** |
| **ELDRETH** | : | |
| | : | |
| **v.** | : | **NO. 21-867-MAK** |
| | : | |
| **DOUGLAS N. ROBINSON, POSSUM** | : | |
| **HOLLER HAULIN',** | : | |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **EDWARD D. MAURY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                           **August 26, 2022**

Delaware Law requires persons seeking damages for personal injuries caused by other persons to bring suit within two years of knowing of their injury. We today address a claim brought by two persons involved in an automobile accident allegedly involving a SEPTA bus. The persons did not sue SEPTA and its driver until after the two-year statute of limitations. SEPTA and its driver raised the defense of statute of limitations and the injured persons have not come forward with grounds to excuse their untimely filing of suit against SEPTA and its driver. We lack a basis to find the injured persons' claims against SEPTA and its driver may proceed based on the undisputed pleadings confirming the injured persons waited too long to sue SEPTA and its driver. We grant SEPTA and its driver's Motion for judgment on the pleadings and dismiss them from the case.

## I.     Background

Wife and husband Kelli Lyn and Matthew Eldreth sued Douglas Robinson and his company Possum Holler Haulin' in the Delaware Superior Court on May 5, 2021.[1] The Eldreths claimed Mr. Robinson negligently hit Ms. Eldreth's vehicle with his Possum Holler Haulin'

vehicle on May 30, 2019.[2] Mr. Robinson and Possum Holler Haulin' removed to our Court.[3] The Eldreths amended their Complaint to add negligence claims against Southeastern Pennsylvania Transportation Authority (SEPTA) and SEPTA driver Edward Maury on August 17, 2021.[4] The Eldreths claim Mr. Maury hit Ms. Eldreth's vehicle with a SEPTA vehicle on May 30, 2019.[5]

The Eldreths never served SEPTA or Mr. Maury with their amended Complaint.[6] SEPTA and Mr. Maury answered the amended Complaint on November 12, 2021.[7] Chief Judge Chagares assigned the case to our docket on May 20, 2022.[8] Discovery ended August 22, 2022.[9]

## II.   Analysis

SEPTA and Mr. Maury move for judgment on the pleadings.[10] They argue Delaware's two-year statute of limitations for personal injury actions bars the Eldreths' claims. The Eldreths did not respond.[11] We grant SEPTA and Mr. Maury's motion because the face of the amended Complaint confirms the statute of limitations bars the Eldreths' claims.

Delaware maintains a two-year statute of limitations for personal injury claims like negligence.[12] "A party may raise a statute of limitations defense in a Rule 12(c) motion if its application is apparent on the face of the complaint."[13] We may grant a Rule 12(c) motion based on the statute of limitations if "no further factual record is required to be developed."[14]

We grant SEPTA and Mr. Maury's Motion because the untimeliness of the Eldreths' claims is apparent from the face of their amended Complaint. "Determining whether a claim is time-barred by a statute of limitations requires determining three things: (1) the date the cause of action accrued, (2) whether the cause of action has been tolled, and (3) if the cause of action has been tolled, whether and when Plaintiffs were placed on inquiry notice of their claims."[15] The cause of action accrues when "the alleged wrongful act" occurs.[16] The alleged wrongful act—SEPTA and Mr. Maury colliding with the Eldreths—occurred on May 30, 2019. The Eldreths did not sue SEPTA and Mr. Maury until August 17, 2021—more than two years after their accident. The

Eldreths do not plead or adduce facts allowing us to find a basis for tolling. Delaware's two-year statute of limitations bars the Eldreths' claims against SEPTA and Mr. Maury. We grant the motion for judgment on the pleadings.[17]

We recognize Federal Rule 15 often becomes relevant when, as here, the plaintiff timely sues some defendants then amends to untimely sue other defendants.[18] If Rule 15(c) applies, "the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint."[19] An untimely amendment adding a party relates back under Rule 15(c) if:

1. The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and

2. Within the ninety-day period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   i. Received such notice of the action that it will not be prejudiced in defending on the merits; and

   ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[20]

We need not analyze Rule 15 today because the Eldreths do not invoke it. The "[p]laintiff bears the burden to demonstrate that an amendment relates back to the original Complaint under Rule 15(c)."[21] The Eldreths did not respond to SEPTA and Mr. Maury's Motion. Discovery ended on August 22, 2022, providing the Eldreths ample opportunity to discover facts relevant to SEPTA and Mr. Maury's notice of this action.[22] But the Eldreths say nothing in response to SEPTA and Mr. Maury's motion. The Eldreths do not carry their burden to show Rule 15 allows us to relate back their untimely amendment.[23]

## III.   Conclusion

A wife and husband allegedly injured in a car accident sued a transit company and its driver more than two years after the accident occurred. The transit company and driver seek judgment

because the wife and husband sued after the statute of limitations expired. The wife and husband do not carry their burden to show we should excuse their untimely lawsuit. We dismiss the wife and husband's claims against the transit company and its driver.

---

[1] D.I. 1-1.

[2] *Id.* ¶¶ 4–5.

[3] D.I. 1.

[4] D.I. 11.

[5] *Id.* ¶¶ 6, 12–14.

[6] The Eldreths never filed an affidavit of service as required to prove service under Rule 4(l). We assume service never occurred.

[7] D.I. 15.

[8] D.I. 27.

[9] D.I. 32 ¶ 8.

[10] D.I. 43. A party may move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). SEPTA and Mr. Maury's motion does not delay trial; they moved weeks before pre-trial filings came due.

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Inter., Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008). We "must accept the non-moving party's allegations as true, drawing all reasonable factual inferences in the non-movant's favor." *Id.* Motions for judgment on the pleadings "should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 271 (3d Cir. 2014) (internal quotations and citations omitted).

[11] Our Local Rules require a party opposing a motion to respond within fourteen days. D. Del. L.R. 7.1.2(b).

[12] Del. Code Ann. tit. 10, § 8119; *Smith v. Whelan*, 2013 WL 3169373, at *1 (D. Del. June 21, 2013) (negligence claims subject to two-year statute of limitations), *aff'd*, 566 F. App'x 177 (3d Cir. 2014).

[13] *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 558 n.7 (E.D. Pa. 2016); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (we may dismiss a complaint for untimeliness if the time bar is "apparent on the face of the complaint"); *see also Thomson Reuters Enter. Ctr. GmbH v. ROSS Intel. Inc.*, 529 F. Supp. 3d 303, 314 (D. Del. 2021) ("In the Third Circuit, statute of limitations defenses do not provide a basis for dismissal on a Rule 12(b)(6) motion unless the bar is apparent on the face of the complaint.").

[14] *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (applying Rule 12(b)(6) standard to screening of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)).

[15] *Eluv Holdings (BVI) Ltd. v. Dotomi, LLC*, 2013 WL 1200273, at *6 (Del. Ch. Mar. 26, 2013).

[16] *Id.*

[17] *See, e.g.*, *Cephalon*, 159 F. Supp. 3d at 561 (granting Rule 12(c) motion based on statute of limitations); *Tozer v. Darby PA*, 2014 WL 1378817, at *4 (E.D. Pa. Apr. 7, 2014) (same); *see also Skinner v. James T. Vaughn Corr. Ctr.*, 2017 WL 3528847, at *2–3 (D. Del. Aug. 16, 2017) (dismissing *sua sponte* under Rule 12(b)(6) standard where untimeliness clear from face of complaint).

[18] *See, e.g.*, *Valentin v. Wysock*, 2022 WL 1265522, at *1 (D. Del. Apr. 28, 2022).

[19] *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001).

[20] *See* Fed. R. Civ. P. 15(c)(1)(B); *id.* (c)(1)(C)(i–ii).

[21] *Kitko v. Young*, 2013 WL 126324, at *7 (W.D. Pa. Jan. 9, 2013), *aff'd*, 575 F. App'x 21 (3d Cir. 2014); *see also Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) ("[A] plaintiff must show that" Rule 15(c) is met).

[22] *Cf. Miller v. Hassinger*, 173 F. App'x 948, 956 (3d Cir. 2006) (reversing denial of motion to amend complaint because movant did not receive "a sufficient opportunity to conduct discovery" on the added party's notice).

[23] Even had the Eldreths attempted to meet their burden, we suspect they would have failed. We see no indication SEPTA or Mr. Maury received notice of the Eldreths' suit within ninety days after the Eldreths sued in May 2021. The Eldreths never filed an affidavit of service, let alone an affidavit of service proving service within the ninety-day Rule 4(m) period ending on August 3, 2021.