IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELLI LYN ELDRETH, MATTHEW ELDRETH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-867-MAK |
| | : | |
| DOUGLAS N. ROBINSON, POSSUM HOLLER HAULIN', SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, EDWARD D. MAURY | : | |

## MEMORANDUM with
## Findings of Fact and Conclusions of Law

**KEARNEY, J.**                                                                                                            September 15, 2022

Federal courts strive to provide just and prompt attention to a variety of disputes among our fellow citizens. Trial judges set discovery and trial deadlines to ensure appropriate relief to parties in civil disputes consistent with Federal Rule of Civil Procedure 1. We expect counsel will timely move for relief when warranted. We also expect counsel will tell us when they settle claims especially when judges are investing time and resources on their pending motions.

We today address what happens when counsel to a dispute cavalierly disregard our role in reviewing their motions. Experienced counsel settled a case without telling us during the pendency of two substantial motions. We ordered a timely response to the pending motions and scheduled oral argument on one of the motions (which affected the other) on the Tuesday morning after the Labor Day weekend with trial less than a month away. We prepared for oral argument by researching and preparing draft memoranda on subtle issues raised in the pending motions over the holiday weekend. But no one showed for oral argument. No one filed papers in response to our Order setting oral argument. No one contacted us. We followed up looking for counsel only to learn counsel settled the case several days before counsel took days off for the extended holiday

weekend.

We held an evidentiary hearing this week following notice to allow counsel to show cause as to why we should not impose monetary or disciplinary sanctions upon them for their failure to appear at our oral argument or notify us of the settlement. We today enter Findings of Fact and Conclusions of Law following the evidentiary hearing where we evaluated the credibility of witnesses and the oral arguments resulting in our accompanying Order imposing sanctions upon Nitsche & Fredricks LLC and Franklin & Prokopik necessary to deter them from treating their obligations in this cavalier manner:

## I.     Findings of Fact

1.     Kelli Lyn Eldreth and her husband Matthew Eldreth sued Maryland citizens Douglas Robinson and Possum Holler Haulin' on May 5, 2021 in the Delaware Superior Court seeking compensatory damages arising from a motor vehicle accident on May 30, 2019.

2.     The Eldreths retained Gary S. Nitsche, Esquire of a firm then known as Weik, Nitsche & Dougherty, LLC now known as Nitsche & Fredricks LLC.

3.     Attorney Nitsche represents himself as "likely" having "the largest personal injury practice" in the State of Delaware.[1] He represented the Eldreths along with his partner Joel H. Fredricks, Esquire.

4.     Maryland citizens Mr. Robinson and Possum Holler Haulin' timely removed the Eldreths' claims to this Court. They retained William A. Crawford of the law firm Franklin & Prokopik which touts him as an "experienced trial attorney."[2] He worked with Renee L. Bowen, Esquire of his firm on this defense.[3]

5.     Attorney Nitsche filed an amended Complaint adding Southeastern Pennsylvania

Transportation Authority (SEPTA) and its driver Edward D. Maury on August 17, 2021 approximately ten weeks after the statute of limitations expired arising from the May 30, 2019 accident.

6. SEPTA and Mr. Maury timely filed Affirmative Defenses including swearing the statute of limitations barred the Eldreths' claims.

7. Chief Judge Chagares of our Court of Appeals designated us from the United States District Court for the Eastern District of Pennsylvania to resolve this matter on May 20, 2022 after the parties had been engaged in discovery for several months.

8. We promptly conferred with counsel and entered a scheduling Order for a trial beginning October 3, 2022 and a close of discovery on August 22, 2022.

9. We further granted counsel leave to move for summary judgment or *Daubert* relief no later than August 26, 2022 with responses filed no later than September 6, 2022. We never set deadlines for motions for judgment on the pleadings.

10. Attorneys Nitsche and Crawford engaged in timely discovery before SEPTA and Mr. Maury moved for judgment on the pleadings based on the statute of limitations on August 9, 2022.

11. The Federal Rules of Civil Procedure required Attorneys Nitsche and his partner Attorney Fredricks to answer SEPTA's and Mr. Maury's Motion for judgment on the pleadings no later than August 23, 2022.

12. They did not timely respond.

13. On August 26, 2022, we entered an Order with a supporting Memorandum of Law granting SEPTA's and Mr. Maury's Motion for judgment on the pleadings finding no basis to toll

the statute of limitations or to allow relation back under Rule 15(c) of the Federal Rules of Civil Procedure.[4]

14. We dismissed SEPTA and Mr. Maury from the case.

15. The Clerk of Court stopped notifying SEPTA's and Mr. Maury's counsel of further proceedings after we dismissed them.

16. Attorney Crawford also promptly moved to amend or correct our August 26, 2022 Order arguing his client continued its crossclaim against SEPTA and Mr. Maury.

17. Attorney Nitsche promptly moved to set aside our judgment on the pleadings on the same day arguing his office misunderstood the Federal Rules of Civil Procedure and confused obligations in responding to a motion for judgment on the pleadings with obligations to answer a motion for summary judgment.

18. We denied Attorney Nitsche's Motion to set aside the judgment as noncompliant with our Policies including failing to attach a brief describing how their amended Complaint relates back to their Complaint under Rule 15 and failing to describe the Defendants' position in response to their Motion.

19. Attorney Nitsche promptly moved again this time with supporting authority. He argued excusable neglect in misunderstanding the Federal Rules of Civil Procedure. He also argued the Delaware Rules of Civil Procedure provide the substantive law for the statute of limitations and would allow his amended Complaint naming SEPTA and Mr. Maury to relate back to his filing of claims against Mr. Robinson and his employer. Attorney Nitsche presented substantial issues concerning the extent to which excusable neglect can apply to an attorney who simply misunderstands the Federal Rules of Civil Procedure and our Orders. Counsel also raised

4

substantial issues concerning how Federal Rule of Civil Procedure 15(c) could possibly allow a relation back under the Delaware Rules of Civil Procedure when the Delaware substantive law does not provide a relation back. These Rule 15 (c) issues arise in an area of considerable dispute in Federal law.

20. Attorney Nitsche also represented he had spoken to "Defendants", and they took a different position with respect to Delaware law.

21. Attorney Nitsche further represented he served his Motion to vacate upon counsel for SEPTA and Mr. Maury by service through the Court's electronic filing system. But Attorney Nitsche could not serve counsel for SEPTA or Mr. Maury by electronic filing since the Clerk of Court terminated their notice upon dismissal a week earlier.

22. Attorney Nitsche continued moving forward by noticing video trial depositions and serving SEPTA's and Mr. Maury's counsel.

23. The parties met with an experienced mediator while presenting the motions.

24. The mediator resolved the case at some point on August 30 or 31, 2022 but did not wish to notify the Court of the settlement for unexplained reasons.

25. Attorneys Fredricks and Crawford, with copies to Attorneys Nitsche and Bowen, confirmed they resolved their claims with each other and possibly involving SEPTA and Mr. Maury in emails on Wednesday morning August 31, 2022 by 10:41 AM. [5]

26. We entered an Order at 11:33 AM on August 31, 2022 granting the Defendants leave to file a response to Attorney Nitsche's motion to vacate by Tuesday morning, September 6, 2022 followed by oral argument at 8:45 AM (before our trial day). We further ordered Attorney Nitsche to electronically serve the Order upon SEPTA and Mr. Maury's counsel and file a

certificate confirming this service no later than September 1, 2022.[6]

27. We did not know the remaining parties already settled the case when we issued our August 31, 2022 Order.

28. Attorney Nitsche went out of town for a six-day weekend and asked his partner Attorney Fredricks to let us know the matter had resolved.

29. Attorney Fredricks prepared a draft letter on August 31 after we issued our August 31, 2022 Order to advise us of the settlement. He never sent the letter to us but instead sent it to Attorney Crawford for his views.

30. Attorney Fredricks followed up with Attorney Crawford the next day who then confirmed his clients (Mr. Robinson and Possum Holler Haulin') also agreed to dismiss potential crossclaims against SEPTA and Mr. Maury. [7]

31. Attorney Fredricks then inexplicably asked Attorney Crawford if it would be "ok" if they did not send the letter to our Chambers notifying us of their global settlement until the Tuesday after Labor Day.

32. Attorney Crawford inexplicably emailed back "[s]hould be fine."[8]

33. Attorney Bowen emailed SEPTA's and Mr. Maury's counsel at 10:42 AM on September 1, 2022 to advise them the case resolved and the claims would be dismissed.[9]

34. Attorneys Nitsche and Fredricks disregarded our August 31, 2022 Order by failing to file a certificate of service of our August 31, 2022 Order upon counsel for SEPTA and Mr. Maury.

35. Our Chambers prepared for several hours over the Labor Day weekend for the oral argument on Tuesday morning, September 6, 2022.

6

36. Defendants did not file a response on Tuesday morning, September 6, 2022.

37. No counsel appeared at our September 6, 2022 oral argument under the August 31, 2022 Order.

38. We reached out to counsel to find out where they were. Attorney Bowen returned our inquiries about counsels' failure to appear and advised us she understood the case settled and someone already contacted us.

39. Attorneys Nitsche and Crawford both sent apology letters later on September 6, 2022 once they realized their failure to respond to our Orders, appear at the oral argument, or notify us of a settlement in a case with pending motions and imminent trial date.[10]

40. We ordered all counsel of record to appear for an evidentiary hearing and show cause as to why we should not enter monetary sanctions or disciplinary referral.

41. Attorneys Nitsche, Fredricks, Crawford, and Bowen appeared at our noticed evidentiary hearing confirming they could offer no good cause for failing to appear under our August 31, 2022 Order including for failing to notify the Court of the settlement which all of them were aware.

42. Counsel accepted responsibility, apologized, and represented they had taken corrective steps inside their law firms to ensure this type of disrespect would not continue.

## II. Conclusions of Law

1. Federal Rule of Civil Procedure 16 requires parties to appear at all pretrial conferences set by this Court.[11] We may issue a just order if a party "fails to appear at a scheduling or other pretrial conference" including monetary sanctions under Rule 16(f)(1).[12] Our Court of

7

Appeals clarified Rule 16 provides we must issue monetary sanctions for a violation of Rule 16, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."[13]

2.    Substantial justification for noncompliance may exist where counsel can show a "genuine dispute concerning compliance."[14] We must consider the "degree of the sanction in light of the severity of the transgression which brought about the failure to [appear]" to determine if the expense would be unjust.[15]

3.    The purpose of Rule 16 sanctions is to prevent undue delay in disposing cases.[16] Rule 16(f) requires no finding of bad faith.[17] We have broad discretion "to 'use sanctions where necessary' to ensure compliance with pretrial orders."[18] While "[d]ismissal must be a sanction of last, not first, resort[,]" Rule 16(f) "includes the authority to dismiss a case based on a party's failure to prosecute its claims or defenses."[19] "Relying on this Rule, [courts] have imposed sanctions based upon an attorney's failure to attend a . . . conference or abide by the order scheduling the conference."[20]

4.    Failure to appear at our September 6, 2022 oral argument violates Rule 16. We must issue monetary sanctions unless counsel can substantially justify their absence. The parties offered no justified basis for their absence because they settled the case the preceding Wednesday.[21] This justification is insufficient.

5.    Counsel violated Rule 16 by failing to appear without notice or substantial justification. Counsel failed to substantially justify their absence or demonstrate an award of expenses would be unjust. We must issue monetary sanctions for this violation.[22]

6.    No other counsel or client is burdened by this collective failure of trial counsel.

The lawyers in our Chambers are the only persons burdened along with litigants in other cases deprived of court attention while we focused on pending motions in a settled case.

7. The collective disregard of our Orders does not leave us with the ability to impose reasonable attorney's fees incurred by an innocent opposing party.

8. We must instead arrive at an appropriate sanction balancing our need to deter experienced attorneys with self-touted experience and the largest personal injury practice in this State from harming our system of justice and potentially harming clients relying upon their counsel with a penalty measured to penalize counsel but not beyond the gravity of the violation.

9. We recognize a nominal sanction would not be a fair measure. We instead focus on the amount of time we would expect four experienced lawyers from both sides to invest in preparing and presenting the September 6, 2022 responsive memorandum and oral argument required under our August 31, 2022 Order.

10. Attorneys Nitsche and Fredricks faced a more difficult burden in explaining their excusable neglect in failing to timely respond to SEPTA's Motion for judgment on the pleadings and, if successful, persuading us to apply a Delaware relation back doctrine not included in the statute of limitations mandated by the Delaware General Assembly. Attorneys Crawford and Bowen also faced a burden in preparing responsive memoranda if they wished to continue their crossclaim and then appearing at the oral argument.

11. Monetary sanctions are warranted in the amount of $4,000 upon Nitsche & Fredricks LLC and $2,500 upon Franklin & Prokopik.

12. There is no present basis to find a level of intent to warrant our referral to disciplinary authorities particularly mindful of counsels' repeated assurances of correcting the

institutional deficiencies in their practices moving forward and assuring us they would not allow this error to occur in another Court.

### III.    Conclusion

We are careful and hesitate to chill lawyers' advocacy in busy practices by imposing sanctions absent conduct which cannot be justified under any theory.  We today face attorneys touted as an experienced trial attorney and his adversary as "likely" having the "largest personal injury practice" in this State. We are not addressing inexperienced counsel.  We instead address counsel who may have forgotten or chose to ignore lessons taught them many years ago when they passed the Delaware Bar and began practice.  But the lessons revisited today go beyond the Federal Rules of Civil Procedure;  counsel could have used common sense and some level of courtesy to the Court like they would for anyone expecting them to show up for a substantive meeting. We find monetary sanctions warranted. We find no basis for a disciplinary referral.

Counsel suggests potential beneficiaries of a monetary sanction. We accept their recommendations in part.

Each law firm, without seeking a reimbursement from their clients or from an individual attorney or otherwise penalizing any individual attorney's compensation, shall be responsible for monetary sanctions. We find most of the problems arise from the Plaintiffs' counsel's inexplicable failure to notify the Court of settling their claims during the pendency of their substantial motion scheduled to be heard in a few days. We require Plaintiffs' counsel to, under cover letter attaching today's Order and this Memorandum, pay $4,000.00 to the Delaware Community Legal Aid Society, Inc. to aid in promoting the representation of indigent persons in this District.

10

We find Attorney Crawford and his law firm less responsible but still culpable for inexplicably confirming with Attorney Fredricks it "should be fine" to not notify the Court of the settlement especially when Attorney Crawford had a pending Motion to amend our August 26, 2022 Order to allow him to proceed against SEPTA and Mr. Maury on his crossclaim. Attorney Crawford offered no excuse and expressed apologies. We order Attorney Crawford's firm to forward payment of $2,500.00 to the Delaware Law School to be directed in furtherance of the Law School's ethical training under cover letter to the attention of Interim Dean Alicia Kelly at the Delaware Law School, along with today's accompanying Order and this Memorandum.

---

[1] *Gary S. Nitsche*, NITSCHE & FREDRICKS LLC, https://www.nitschefredricks.com/gary-s-nitsche-p-a.html (last accessed September 14, 2022).

[2] William (Skip) A. Crawford, FRANKLIN & PROKOPIK, https://www.fandpnet.com/attorney/william-a-crawford (last accessed September 14, 2022).

[3] We granted Attorney Bowen leave to appear *pro hac vice*. D.I. 24. She chose to not apply for electronic noticing of docket entries. She now claims she did not have current filing information because she did not register for notice.

[4] D.I. 48, 49.

[5] D.I. 60-1.

[6] D.I. 56.

[7] D.I. 60-1.

[8] *Id.*

[9] D.I. 68-1.

[10] D.I. 60, 62.

[11] Fed. R. Civ. P. 16.

[12] Fed. R. Civ. P. 16(f)(1)(A). Civil contempt, conversely, has a more strenuous standard, but we are not considering holding any parties in contempt of court.

---

[13] Fed. R. Civ. P. 16; *Rorrer v. Cleveland Steel Container*, 564 F. App'x 642, 644 (3d Cir. 2014); *see also St. Clair Intell. Prop. Consultants, Inc. v. Motorola Mobility, LLC*, 292 F.R.D. 162 (D. Del. 2013) (monetary sanctions imposed for violations of a rule 16 scheduling order); *Tracinda Corp. v. Daimlerchrysler AG*, No. 00-993, 2005 WL 927187, at *4 (D. Del. Apr. 20, 2005), *aff'd*, 502 F.3d 212 (3d Cir. 2007) (monetary sanctions of $ 556,061 imposed for violations of a rule 16 scheduling order).

[14] *Id.* (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007)).

[15] *Id.* (quoting *Tracinda Corp.,* 502 F.3d at 241).

[16] *Smith ex rel. El Ali v. Altegra Credit Company*, No. 02-8221, 2004 WL 2399773, at *4 n.5 (E.D. Pa. Sept. 22, 2004); *see also Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) ("The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases. Thus, the imposition of sanctions for failure to comply with a settlement schedule is entirely consistent with the purpose of Rule 16.").

[17] *Tracinda Corporation*, 502 F.3d at 242.

[18] *Id.* at 218 (citing *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)).

[19] *Poulis v. State Farm & Casualty Company*, 747 F.2d 863, 869 (3d Cir. 1984) (Six factors are considered when determining whether to impose extreme sanctions like dismissal without prejudice: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."); *see also Everett v. Fieldworks, LLC*, 17-1495, 2019 WL 3955439, at *3 (W.D. Pa. Aug. 22, 2019).

[20] *Stewart v. Moll*, No. 07-1085, 2008 WL 2954737, at *3 (E.D. Pa. July 31, 2008) (citing *University of Pittsburgh v. Varian Medical Systems, Inc.*, No. 07-491, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008)) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); *see also In re NNN 400 Capitol Ctr. 16 LLC*, 632 B.R. 243, 270-71 (D. Del. 2021) (sanctions imposed for failing to produce a witness for deposition); *Karahuta v. Boardwalk Regency Corporation*, No. 06-4902, 2007 WL 2825722, at *3 (E.D. Pa. Sept. 27, 2007) (sanctions imposed for failing to participate in settlement conference in good faith); *Miller v. Unum Life Insurance Company of America*, No. 05-177, 2006 WL 30000962, at *1 (E.D. Pa. Oct. 19, 2006) (sanctions imposed for failure to attend a court ordered settlement conference)).

We are mindful of Judge Bloom's analysis in *Eastern Savings Bank, FSB v. Strez*, plaintiff's counsel failed to appear at a pretrial conference due to a secretarial error at his office. *Eastern Savings Bank, FSB v. Strez*, No. 11-1543, 2012 U.S. Dist. LEXIS 63338, at *3 (E.D.N.Y. May 4, 2012). Counsel received notice of the pretrial conference in three separate orders. While defense counsel timely appeared on the day of the conference, plaintiff's counsel did not contact the court

or defense counsel regarding his absence and all attempts to reach him failed. Plaintiff's counsel called his failure to appear "inadvertent and unintentional," and explained "[d]ue to a clerical error, the scheduling conference was not properly calendared by [his] firm." In imposing monetary sanctions on plaintiff's counsel, Judge Bloom reasoned, "[a]lthough [counsel's] failure to appear was unintentional, defendants should not have to bear the expense of [counsel's] mistake." *Id.* ("Mr. Feuerstein shall personally pay a reduced sanction of $150 to defendants' counsel, Jaime Lathrop . . . and file proof of payment with the Court.")

[21] *Cf. Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 221 (E.D.N.Y. 2011) (sanctioning a party in a divorce for failing to withdraw his case after settlement). Counsel also attempted to justify their absence because they were not aware of the arguments due to a failure to check the docket, took a five-day holiday weekend, and failed to recognize we would not order an argument if we were aware of a settlement.

[22] *Rorrer*, 564 F. App'x at 644.